UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Fatu Masallie, | Case No. 19-cv-2548 (MJD/DTS) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Citibank, | |
| Defendant. | |

Plaintiff Fatu Masallie did not pay the filing fee for this action, instead applying for *in forma pauperis* ("IFP") status. The IFP application is now before the Court and must be considered before any other action may be taken in this matter.

It is unclear whether Masallie qualifies financially for IFP status because the contents of her application are incomplete. *See* Docket No. 2. Nevertheless, an IFP application will be denied, and an action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); *Carter v. Schafer*, 273 Fed. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service.").

In reviewing whether a complaint states a claim on which relief may be granted, the Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818,

1

820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Masallie alleges that Citibank is sending her bills for a credit card account she never opened. Complaint ¶ 7, Docket No. 1. Masallie's complaint mentions the Credit Card Accountability Responsibility and Disclosure Act of 2009 (also known as the Credit CARD Act of 2009), Public Law 111-24, 123 Stat. 1734 (2009). *Id.* ¶ 4. The only factual allegation in the complaint is, "Citi Bank keep[s] writing me about a bill that is not mine. I don't have an account with this bank." *Id.* ¶ 7. As relief, she requests, "[p]lease intervene or investigate Citi Bank as I don't have an account with them and I'm receiving bill[s] from them." *Id.* at 5 (Request for Relief). She appended credit card billing statements to her complaint, along with an August 24, 2019 letter from Citibank's Fraud Verification Unit asking her to contact Citibank about recent "suspicious activity" on the account. Docket No. 1-1 at 9. It is unclear whether she has suffered any harm, or that Citibank would be unwilling to assist her in resolving any issues. There is no obvious provision of the Credit CARD Act of 2019 that applies, as the complaint simply does not state a viable claim for relief.

Accordingly, the Court recommends that this matter be dismissed without prejudice pursuant to § 1915(e)(2)(B)(ii). A dismissal without prejudice will permit Masallie to return

to court and replead any potential claims in a more detailed manner that satisfies federal pleading standards.

NOW, THEREFORE, it is RECOMMENDED:

1. That the case be DISMISSED without prejudice for failure to state a claim pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

2. That Fatu Masallie's application to proceed *in forma pauperis* [Docket No. 2] be DENIED.

Dated:  October 15, 2019                                s/David T. Schultz_____
                                                        DAVID T. SCHULTZ
                                                        United States Magistrate Judge

### NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).